José López Fernández, Petitioner and Appellee, v. Venancio Flores Irizarry, Respondent and Appellant.

No. 7269. Argued May 25, 1936.—Decided November 12, 1936.

*Rafael Saliva* and *M. Benítez Flores* for appellant. *J. Alemañy Sosa* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

This is a dominion title proceeding in which judgment for the petitioner was rendered by the District Court of Mayagüez. The respondent, not being in agreement with that decision, has taken the instant appeal. A motion has been made to dismiss the appeal upon the ground that, *inter alia*, it is frivolous. The respondent did not appear at the

hearing in the court below and offered no evidence whatever to sustain his opposition. The hearing of this cause was set for May 1, 1935. Counsel for the respondent asked for a continuance, upon the ground that he had not had time to make a study of the case, of which he had recently taken charge. The court continued the hearing until the 6th of the same month. On the 2nd of that month the respondent, Venancio Flores Irizarry, filed a motion which reads as follows:

"The hearing in this case having been set for May 2, 1935 at 9:00 A. M., petitioner retained Enrique Báez García, an attorney, to represent him, who proceeded to prepare the evidence and addressed several letters to various persons requesting them to appear at the hearing on May 2, 1935.

"That on the afternoon of May 1, petitioner received the following information from his attorney, Enrique Báez García:

"That while Mr. Enrique Báez García was in the district court, the case was called for hearing, and that he stated that he had been informed that the case was set for the 2nd, and that he was prepared for that day.

"That the court decided to set the case for the following Monday, May 6, 1935 at 9:00 A. M., requiring that the Respondant pay $25 in costs in order that the hearing might be so had.

"That Mr. Enrique Báez García has informed me that after this incident he will not continue with my representation in this case.

"That this Respondant has proceeded and is proceeding with his opposition in good faith and in the same good faith advised his attorney of the date of hearing.

"For the foregoing reasons, the Respondant prays this Hon. Court to relieve him from the $25 fixed by the court and to postpone the hearing of this case set for May 6 to some other date later than the 20th of the current month, in order that the Respondant may have sufficient time to secure the services of an attorney from San Juan and so that such attorney may have sufficient time to study the case and prepare himself for the hearing."

In deciding this motion, which does not appear to have been sworn, the court refused to grant the new petition for continuance upon the ground that no allegation whatever

appeared from the complaint in opposition from which it might be inferred that the Respondent had a better right to the property involved in the dominion title proceedings or that there was any meritorious reason to oppose such proceeding.

As we have seen, the defendant did not appear on the day of the hearing to sustain his opposition. The appellant contends that he had been informed that the case had been set for May 2 and that he was prepared for such day. The case was set on the general calendar of the lower court and the appellant was duly notified that the hearing would be held on May 1. The court below, however, continued the hearing of the cause until a later date, giving the appellant five days to get ready. The attorney, Enrique Báez García did not advise the court that he had ceased to represent the appellant. The sole evidence appearing in the record consists in the motion filed by the Respondent, in which he states that he received such information, but without supporting it with an oath. The final motion for continuance was denied on May 6. The appellant knew that this motion might have been denied and from May 2 when, as he alleges, his attorney refused to continue to represent him, until May 6, four days elapsed, sufficient time to secure the services of another attorney without waiting until the court should decide his motion. The reasons which the Respondent had for stating that he would look for a lawyer in San Juan, passing over the attorneys resident in Mayagüez, are not explained. Defendant's attitude tends to show that the appellee is correct when he states that these motions were presented for the sole purpose of delaying a decision in the dominion title proceedings.

The court, in the exercise of its discretionary powers, refused to grant the continuance prayer for, and, since this is a question which rests in the sound discretion of the court, this court does not feel authorized to interfere, since we have not been convinced that in the instant case there

has been an abuse of such discretion. *Puig v. Soto,* 18 P.R.R. 130; *Martínez v. Méndez,* 33 P.R.R. 13.

Aside from the reasons set forth by the court in denying the continuance, we believe that the appeal is completely frivolous since the evidence offered by the petitioner is sufficient to justify a decree in the proceeding in his favor, and the appellant did not appear at the hearing or offer any evidence whatever to sustain his opposition.

The appeal must be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.